Dave and Kim DEVOE, Appellants,

v.

GREAT AMERICAN INSURANCE, Appellee.

No. 03–00–00695–CV.

Court of Appeals of Texas, Austin.

May 3, 2001.

Released for Publication Aug. 9, 2001.

Anatole R. Barnstone, George B. Slade, Law Office of George B. Slade, Austin, for Appellant.

Chris C. Pappas, Dunn, Kacal, Adams, Pappas & Law, P.C., Houston, for appellee.

Before Chief Justice ABOUSSIE, Justices YEAKEL and PATTERSON.

ABOUSSIE, Chief Justice.

Dave and Kim Devoe (the "Devoes") appeal the trial court's summary judgment

in favor of Great American Insurance ("Great American") and the denial of the Devoes' motion for summary judgment. We will affirm the judgment of the trial court.

## BACKGROUND

The Devoes contracted with Tri–Mark Development Corporation ("Tri–Mark") to construct a custom home. Tri–Mark was insured by Great American under a Business Pro Commercial Liability Policy (the "Policy"). The Devoes contend that as work progressed, a number of flaws developed in Tri–Mark's performance, including improper and deficient workmanship and the failure to complete the home in the agreed upon time. The Devoes filed suit against Tri–Mark and its principal, Gerald Zigrossi, to recover damages and attorney's fees. The Devoes alleged that Tri–Mark breached the contract by failing to construct the residence in a good and workmanlike manner and by violating certain provisions of the Deceptive Trade Practices Act ("DTPA"). Tri–Mark requested that Great American defend and indemnify Tri–Mark based on the Policy, which Tri–Mark argues covered the complaints. Great American declined to defend on the basis that the claims alleged were not covered by the Policy. Tri–Mark failed to appear for trial, and the Devoes provided the trial court with evidence of liability and damages. The Devoes were granted a default judgment against Tri–Mark for actual damages of $216,035.13, attorney's fees in the amount of $27,173.23, and post-judgment interest.

The judgment rendered by the trial court remained unsatisfied, however, and the Devoes consequently brought the present suit against Great American, seeking recovery as third-party beneficiaries under the terms of the Policy. Great American moved for summary judgment on the following grounds: (1) the underlying injury did not arise from an "occurrence" and therefore is not covered by the policy; (2) the injury falls under a policy exclusion for "unexpected or intentional injury"; (3) the injury falls under a policy exclusion for property damage that "arises out of these operations"; (4) the injury falls under a policy exclusion for "property that must be restored, repaired or replaced because Tri–Mark's work was incorrectly performed on it"; (5) the injury falls under a policy exclusion for damage to "impaired property or property that has not been physically injured"; (6) allowing the Devoes to recover would allow the insured to be paid twice for its work; and (7) no actual trial was held in the suit between the Devoes and Tri–Mark.

The Devoes in turn filed a motion for partial summary judgment, alleging that the amended petition included allegations of facts sufficient to bring the Devoes' claims within the scope of the policy. The Devoes alleged that they were entitled to partial summary judgment because there were no genuine issues of material fact regarding the following facts: (1) at least some of the damages claimed by the Devoes potentially came within the scope of coverage; (2) the insurance company was notified of the lawsuit against Tri–Mark and was given the opportunity to defend; (3) the insurance company failed to tender a defense of the insured; and (4) the judgment obtained against the insured included an award for damages coming within the scope of coverage.

The trial court granted Great American summary judgment on all the grounds asserted in its motion except for the contention that there was no actual trial held in the suit between the Devoes and Tri–Mark; the trial court denied the Devoes' motion for partial summary judgment. The Devoes appeal the trial court's grant

of judgment in favor of Great American, and in addition complain of the trial court's denial of their motion for partial summary judgment.

## DISCUSSION

When both sides move for summary judgment and the trial court grants one motion and denies the other, the appealing party may appeal both the prevailing party's motion as well as the denial of its own. *Holmes v. Morales*, 924 S.W.2d 920, 922 (Tex.1996). In such a situation, we review the summary judgment evidence presented by both sides and determine the questions presented. *Commissioners Court v. Agan*, 940 S.W.2d 77, 81 (Tex.1997). If the pertinent facts are undisputed, the court can determine the issues presented as a matter of law. *McCreight v. City of Cleburne*, 940 S.W.2d 285, 288 (Tex.App.—Waco 1997, writ denied). In this situation, the court will either affirm or reverse and render. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988); *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396, 400–01 (1958). However, if resolution of the issues rests on disputed facts, summary judgment is inappropriate, and the court will reverse and remand. *Coker v. Coker*, 650 S.W.2d 391, 394–95 (Tex.1983); *McCreight*, 940 S.W.2d at 288. The parties do not dispute the pertinent facts; the issue in this case is whether those facts trigger Great American's duty to defend. By their first and second issues, the Devoes argue that Great American is liable to the Devoes under the policy for wrongfully refusing to defend the insured and therefore the trial court erred in granting summary judgment for Great American.

Texas follows the "eight corners" or "complaint allegation" test: the insurer has a duty to defend when the facts alleged in the petition, if assumed to be true, establish a liability that is covered under the policy. *See National Union Fire Ins. Co. v. Merchants Fast Motor Lines*, 939 S.W.2d 139, 141 (Tex.1997). The insurer is to examine the pleadings, in light of the policy, without reference to the merits of the allegations in the petition and without reference to what the parties know or believe the true facts to be. *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 24 (1965). If the allegations state a claim that is potentially within the coverage of the policy, then the insurer has a duty to defend. *Id.* at 25. The courts will liberally interpret the meaning of the factual allegations in the insured's favor. *Id.*

However, the Supreme Court has stated that in order to determine whether factual allegations are covered by a policy, the allegations must be at least specific enough to "create that degree of doubt which compels resolution of the issue for the insured." *Merchants Fast Motor Lines*, 939 S.W.2d at 142. The court will not imagine factual scenarios that might trigger coverage or read facts into the pleadings. *Id.* If a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend the suit against its insured. *Id.* at 141.

The insurance policy issued by Great American is a general liability policy. Section one of the policy coverage agreement states:

(1)(a) We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" arising out of those damages. . . .

(b) This insurance applies to "bodily injury" or "property damage" only if:

(1) the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2) the "bodily injury" or "property damage" occurs during the policy period.

The policy defines "occurrence" as an "accident," including continuous or repeated exposure to substantially the same general harmful conditions.

■ Even if a petition does not include the word "accident," it does not preclude the possibility that an accident caused the damage. *Stumph v. Dallas Fire Ins. Co.,* 34 S.W.3d 722, 729 (Tex.App.—Austin 2000, no pet.). In *Mid–Century Insurance Co. v. Lindsey,* the supreme court clarified the definition of "accident" by stating that:

an injury is accidental if from the view point of the insured it is not the natural and probable consequence of the action or occurrence which produced the injury; or in other words, if the injury could not reasonably be anticipated by the insured, or would not ordinarily follow from the action or occurrence which caused the injury.

997 S.W.2d 153, 155 (Tex.1999).

In *Argonaut Southwest Insurance Co. v. Maupin,* the insuring agreement required the insurer to pay for damages to property "caused by an accident." 500 S.W.2d 633, 634 (Tex.1973). The court held that when the insured's acts were voluntary and intentional, and the injury was the natural result of the intentional acts, the event was not an accident even though the particular injury may have been unexpected, unforeseen, and unintentional. *Id.* at 635.

■ It is well settled that insurance policies should be strictly construed in favor of the insured to avoid exclusion of coverage. *Puckett v. U.S. Fire Ins. Co.,*

678 S.W.2d 936, 938 (Tex.1984). However, this does not apply when the term to be construed is unambiguous and susceptible of only one construction; then the court must give the words of the policy their plain meaning. *Id.*

■ The Devoes contend that the allegations in their pleadings are adequate to infer that their complaints arise from an occurrence. To support their argument, the Devoes cite *Stumph,* in which this Court determined that the allegations in the pleadings suggested that the damages in that case resulted from an occurrence within the meaning of the policy at issue. *Stumph,* 34 S.W.3d at 729. Indeed in *Stumph,* the factual allegations in the petition in the underlying suit against Stumph supported the inference of an occurrence. Stumph contracted with Byram Properties ("Byram") to perform contract repairs to a parking garage, and Stumph's work resulted in damage to several vehicles. *Id.* at 725–26. Byram sued Stumph for breach of contract and violations of the DTPA. *Id.* Byram's petition alleged that:

subsequent to the completion of the work performed [Byram] was informed by a building tenant that cement from the repaired area had fallen on her vehicle. Moreover, [Byram] has received, and continues to receive, numerous complaints that concrete sediments from the repaired area has dripped, and continues to drip, onto their vehicles resulting in the damaging of the paint on the vehicles.

*Id.* at 729. The Devoes make no parallel allegations here that would support the inference of an occurrence. The petition in *Stumph* contained facts alleging that the damages resulted from certain events and were not the natural and probable consequences of repairing a garage. *Id.* Byram did not merely allege that the garage re-

pairs were not performed in a good and workmanlike manner, as did the Devoes.

The Devoes maintain that "shoddy workmanship" can be considered an occurrence. The Devoes support their argument by relying on a court of appeals opinion in which the court noted that the underlying petition alleged as follows: drainage problems in the garage floor, excessive floor displacement, warped and swollen windows and doors, rotten woodwork, leaking in the roof, warped and uneven floors, and continual breakdown of the elevators. *Cullen/Frost Bank of Dallas, N.A. v. Commonwealth Lloyd's Ins. Co.*, 852 S.W.2d 252, 258 (Tex.App.—Dallas 1993, writ denied). However, the court in *Cullen/Frost Bank* was not asked to determine whether the conditions alleged qualified as an occurrence because the parties stipulated the existence of an occurrence and disagreed only as to the number of occurrences. *Id.* at 257. Therefore, the holding in *Cullen/Frost Bank* does not aid the Devoes in their contention that the facts they alleged constituted an occurrence within the meaning of the policy.

A review of the Devoes' claim for relief does not turn on any alleged "occurrence" as required by the Policy. In applying the eight-corners test to this case, the Devoes' allegations must state a claim that is potentially within the coverage of the Policy. The damages complained of by the Devoes concentrate on Tri–Mark's defective construction. While the Devoes' allegations are to be liberally construed, we are not obligated to imagine factual scenarios that could potentially bring the claim within the policy limits. *See Merchants Fast Motor Lines*, 939 S.W.2d at 142. They do not allege any event or series of events that could be construed as an accident. The Devoes' home was constructed over a period of time as a voluntary and intentional act by the insured, and the alleged deficient and substandard construction did not constitute an accident or an occurrence under the plain-meaning rule even if the resulting, poorly constructed home was unexpected, unforeseen, or unintended by the insured. *See Argonaut Southwest Ins. Co.*, 500 S.W.2d at 633. We overrule the Devoes' first and second issues.

Because the summary judgment is supported on the disposition of these issues, we need not address the Devoes' remaining issues regarding the trial court's grant of summary judgment. *See Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995).

Great American had no duty to defend; therefore, we hold that the trial court did not err in granting summary judgment in favor of Great American and in denying the Devoes' motion for partial summary judgment.

## CONCLUSION

We hold that the pleadings did not allege an "occurrence" that would trigger Great American's duty to defend under the insurance policy. We accordingly affirm the trial court's judgment.