TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO.03-01-00500-CV






Roger Garibay, Sr., Appellant


v.


The State of Texas; the City of San Antonio, Texas; and the Transit Authority of

San Antonio, Texas, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. 95-14015, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING





 The State of Texas, the City of San Antonio, and the Transit Authority of San Antonio
(collectively, "the taxing authorities") filed suit against appellant Roger Garibay, Sr. for unpaid state
and local sales and use taxes. In response, Garibay asserted that the taxing authorities' claims were
barred by the statute of limitations. Both parties moved for summary judgment; the trial court
granted the taxing authorities' motion in part, denied Garibay's, and reserved the issue of whether
the taxing authorities used due diligence in their attempts to serve Garibay for a trial on the merits. 
Following a trial to the court, the court found that the taxing authorities had exercised due diligence
and rendered judgment in their favor. By two issues, Garibay appeals. We will affirm.


BACKGROUND

 On November 8, 1995, the taxing authorities filed suit against Garibay Investments,
Inc., f/d/b/a American Tire & Service Center, seeking to recover unpaid state and local sales and use
taxes for the months of September through December 1992 and April through May 1993. The taxing
authorities also sued Roger Garibay for conversion and breach of fiduciary duty, alleging that
Garibay, as an officer or director of Garibay Investments, commingled collected tax money with
business funds and authorized payment of the tax money to entities other than the taxing authorities. 
See Tex. Tax Code Ann. § 111.016 (West 2001). On December 8, 1995, the citation issued to
Garibay and Garibay Investments was returned unserved to the Office of the Attorney General, who
was representing the taxing authorities, with a notation that Garibay did not reside at either of the
two addresses provided.

 Investigators with the Office of the Attorney General eventually located Garibay, and
on March 24, 1997, citation was reissued. Garibay and Garibay Investments were finally served on
April 8, 1997. Both answered with a general denial and asserted the affirmative defenses of
limitations, discharge in bankruptcy, laches, and estoppel. The taxing authorities moved for partial
summary judgment against Garibay Investments, and on June 12, the trial court granted the motion;
the causes of action against Garibay, individually, were continued.

 Subsequently, both the taxing authorities and Garibay filed competing summary
judgment motions. The taxing authorities asserted in their motion that they had conclusively
established Garibay's liability, based in part on his deemed admissions, (1) and that their claims were
not barred by the statute of limitations. (2) Attached to their motion were certificates from the
comptroller showing the amount of taxes owed, the unanswered request for admissions, and an
affidavit by an investigator with the Office of the Attorney General detailing the steps taken to locate
and serve Garibay.

 Garibay asserted in his motion that the disputed taxes became due and payable at the
earliest on December 31, 1992, and the taxing authorities' causes of action arose as early as January
1993. According to Garibay, the taxing authorities were barred from collecting taxes after the
expiration of three years from the date the taxes were due, see Tex. Tax Code Ann. § 111.202 (West
2001), and the conversion and breach of fiduciary duty claims were barred by a two-year statute of
limitations. He further asserted that even if the taxing authorities had filed suit within the applicable
period of limitations, as a matter of law, their failure to effect service until over seventeen months
after suit was filed and over four years from the date the causes of action arose did not constitute
such diligence as would toll the running of the statute of limitations, and their causes of action
should therefore be barred by the statute of limitations.

 On September 11, the trial court granted the taxing authorities' summary judgment
motion on the issue of liability and denied Garibay's, thus rejecting Garibay's contention that the
taxing authorities' claims were barred by the applicable statute of limitations. However, the court
reserved the issue of whether the taxing authorities had used due diligence in effecting service on
Garibay for a trial on the merits. Following a trial to the court, the court found that the taxing
authorities exercised due diligence in securing service of citation and rendered a final judgment in
their favor. The final judgment incorporated the two partial summary judgments and found Garibay
and Garibay Investments jointly and severally liable to the State of Texas in the amount of
$18,512.42 for sales taxes, penalties, and interest; the City of San Antonio in the amount of
$3,172.43 for city sales taxes, penalties, and interest; and the San Antonio Transit Authority in the
amount of $3,172.43 for transit authority sales taxes, penalties, and interest; plus court costs and
attorney's fees. Garibay requested findings of fact and conclusions of law regarding the issue of due
diligence, which the trial court filed. Garibay now appeals asserting that the trial court erred in
failing to find that the taxing authorities' conversion and breach of fiduciary duty claims were barred
by a two-year statute of limitations, and alternatively, in finding that the taxing authorities had
exercised due diligence in securing service of citation on Garibay.


DISCUSSION

 A party moving for a traditional summary judgment bears the burden of showing there
is no genuine issue of material fact and the party is entitled to judgment as a matter of law. Nixon
v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). In determining whether a disputed
material fact issue precluding summary judgment exists, a reviewing court must take as true all
evidence favorable to the non-movant. Id. at 548-49. The reviewing court must indulge every
reasonable inference in favor of the non-movant and resolve any doubts in its favor. Id. at 549. 

 A plaintiff seeking summary judgment must conclusively prove all essential elements
of its claim. MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986). A defendant who moves for a
traditional summary judgment assumes the burden of showing as a matter of law that the plaintiff
has no cause of action against the defendant. Citizens First Nat'l Bank v. Cinco Exploration Co.,
540 S.W.2d 292, 294 (Tex. 1976). Traditional summary judgment for a defendant is proper only
when the defendant negates at least one element of each of the plaintiff's theories of recovery, or
pleads and conclusively establishes each element of an affirmative defense. Science Spectrum, Inc.
v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997). A defendant who moves for summary judgment
based on limitations must establish the defense as a matter of law and must conclusively negate the
plaintiff's assertion of diligence in seeking service of citation, if raised. Diaz v. Westphal, 941
S.W.2d 96, 98-98 (Tex. 1997); Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 891 (Tex. 1975). If the
trial court does not specify the ground on which it granted summary judgment, we must affirm the
judgment if any of the movant's theories with respect to the claim are meritorious. Carr v. Brasher,
776 S.W.2d 567, 569 (Tex. 1989). 

 When the parties file competing motions for summary judgment and one is granted
and the other denied, the reviewing court should consider the propriety of the denial as well as the
grant, review the summary-judgment evidence presented by both sides, and determine all questions
presented. Commissioners Court v. Agan, 940 S.W.2d 77, 81 (Tex. 1997); Devoe v. Great Am. Ins.,
50 S.W.3d 567, 570 (Tex. App.--Austin 2001, no pet.). If the issue raised is based on undisputed
and unambiguous facts, we may determine the question presented as a matter of law. Devoe, 50
S.W.3d at 570. We may then either affirm the judgment or reverse and render the judgment the trial
court should have rendered, including one that denies both motions. Jones v. Strauss, 745 S.W.2d
898, 900 (Tex. 1988); Devoe, 50 S.W.3d at 570. However, if resolution of the issues rests on
disputed facts, summary judgment is inappropriate, and we should reverse and remand for further
proceedings. Coker v. Coker, 650 S.W.2d 391, 394-95 (Tex.1983); Devoe, 50 S.W.3d at 570. 

 Garibay argues by his first issue that because the taxing authorities pursued the tort
actions of conversion and breach of a fiduciary duty, section 16.003 of the civil practice and
remedies code provides the applicable statute of limitations for each tort. But see Tex. Civ. Prac.
& Rem. Code Ann. § 16.004(a)(5) (West Supp. 2002) (applying four year statute of limitations to
breach of fiduciary duty suits). According to Garibay, section 16.003 mandates that the taxing
authorities must have filed suit no later than two years after the date their causes of action arose. Id.
§ 16.003 (West Supp. 2002). But see id. § 16.004(a)(5). Garibay, however, fails to consider section
16.061 of the code, which provides that section 16.003 does not apply to causes of action brought
by the State or political subdivisions of the State: "A right of action of this state or a political
subdivision of the state, including a county, an incorporated city or town, a navigation district, a
municipal utility district, a port authority . . . is not barred by any of the following sections: 16.001-16.004 . . . ." Id. § 16.061 (West Supp. 2002). Thus, Garibay failed to establish as a matter of law
that the taxing authorities' causes of action were barred by the two-year statute of limitations. 
Further, the tax code includes both a three-year and a four-year statute of limitations. See Tex. Tax
Code §§ 111.201, .202 (West 2001). Although section 111.016 of the code would seem to make
Garibay liable for conduct normally regarded as a tort, we conclude that the statute of limitations
provided within the tax code controls the claims over a general tort statute of limitations. We hold
the trial court did not err in denying Garibay's summary judgment motion and overrule Garibay's
first issue.

 By his second issue, Garibay argues that even if the taxing authorities timely filed
their causes of action, the trial court erred in concluding that they exercised due diligence in securing
service on Garibay. Garibay does not attack specific findings of fact or conclusions of law. We
therefore construe Garibay's second issue as a general challenge to the legal and factual sufficiency
of the evidence to support the trial court's finding of due diligence.

 Findings of fact in a case tried to the court have the same force and effect as a jury
verdict. Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991). Accordingly, findings
of fact are reviewable for factual and legal sufficiency according to the same standards as jury
findings. Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994); Starcrest Trust v. Berry, 926
S.W.2d 343, 352 (Tex. App.--Austin 1996, no writ). A court's conclusions of law, on the other
hand, are accorded de novo review. Asai v. Vanco Insulation Abatement, Inc., 932 S.W.2d 118, 121
(Tex. App.--El Paso 1996, no writ). 

 In considering a legal sufficiency point, we consider only the evidence or inferences
from the evidence favorable to the decision of the trier of fact and disregard all evidence and
inferences to the contrary. Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). If, as here, the
appellant did not have the burden of proof on the challenged finding, the appellant must show that
no evidence supports the adverse finding; the challenge fails if more than a scintilla of evidence
supports the finding. Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995); Stafford
v. Stafford, 726 S.W.2d 14, 16 (Tex. 1987). The evidence supporting a finding amounts to more than
a scintilla if reasonable and fair-minded people could differ in their conclusions. Crye, 907 S.W.2d
at 499. 

 When reviewing a factual sufficiency challenge, we must assess all the evidence and
may not substitute our judgment for that of the trier of fact. When the challenge is to a finding on
which the prevailing party had the burden of proof, we may reverse the judgment only if the
challenged finding shocks the conscience or clearly shows bias, or if the favorable evidence is so
weak as to make the judgment clearly wrong and manifestly unjust. Pool v. Ford Motor Co., 715
S.W.2d 629, 635 (Tex. 1986); Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).

 The taxing authorities filed suit against Garibay and Garibay Investments on
November 8, 1995. Garibay was not served with citation until April 8, 1997, seventeen months after
suit was filed. A plaintiff must not only file suit within the applicable limitations period but must
also use diligence to secure service of citation on the defendant. Gant v. DeLeon, 786 S.W.2d 259,
260 (Tex. 1990) (citing Rigo Mfg. Co. v. Thomas, 458 S.W.2d 180, 182 (Tex. 1970)). When a
plaintiff files a petition within the limitations period, but does not serve the defendant until after
limitations has expired, the date of service relates back to the date of filing if the plaintiff has
exercised due diligence in effecting service. Id. (citing Zale Corp. v. Rosenbaum, 520 S.W.2d 889,
890 (Tex. 1975)). The duty to use due diligence in serving the defendant continues from the date
suit is filed until service is completed. Eichel v. Ullah, 831 S.W.2d 42, 44 (Tex. App.--El Paso
1992, no writ). Generally, the exercise of due diligence is a question of fact to be determined by the
trial court or jury. Id. at 43. The issue of diligence can be determined as a matter of law, however,
if no valid excuse exists for a plaintiff's failure to effect service. Gant, 786 S.W.2d at 260. The two
controlling factors that determine whether due diligence was exercised are: (1) whether the plaintiff
acted as an ordinary prudent person would act under the same circumstances; and (2) whether the
plaintiff acted diligently up until the time the defendant was actually served. Hodge v. Smith, 856
S.W.2d 212, 215 (Tex. App.--Houston [1st Dist.] 1993, writ denied).

 In support of their due-diligence contention, the taxing authorities presented two
witnesses at trial, one of which was Robert Stubblefield, Jr., an investigator with the Office of the
Attorney General. Stubblefield had also prepared a sworn affidavit in support of the taxing
authorities' motion for summary judgment, detailing the efforts taken to locate Garibay; the trial
court admitted this affidavit into evidence during the trial. Stubblefield testified that he took over
Garibay's file in December 1996; Garibay's file was first assigned to Louis Guerrera, (3) a former
investigator with the Office of the Attorney General, on March 8, 1996. According to Stubblefield's
testimony and affidavit, Guerrera requested a trace search from the credit bureau on April 2. After
the credit bureau search provided no new address, Guerrera sent a request to the postmaster on April
24 for addressee information on two addresses. He also requested information from the Texas
Employment Commission and called directory assistance, but discovered that Garibay had an
unpublished number. In addition, Guerrera conducted a computer search on "Hillcrest Tire" to see
if it was related to Garibay's business. He called Hillcrest Tire and left a message for the registered
agent of the business, but his call was not returned. Guerrera's postmaster request resulted in a new
home address and phone number, and on June 13, he twice attempted to call the phone number
provided by the postmaster, but no one answered. On June 14, Guerrera faxed a request to San
Antonio Public Utilities for a serviceable address for Garibay. None of Guerrera's search requests
proved fruitful.

 On July 12, after Guerrera left the Office of the Attorney General, the file was
reassigned to Robert Sherer, another investigator with the Office. Sherer testified during the trial,
and his attempts to locate Garibay were also recorded in Stubblefield's affidavit. On July 12, the day
he was assigned to Garibay's case, Sherer called directory assistance and discovered that Garibay
was in the area, but his phone number was unpublished. He also contacted the Texas Employment
Commission for any record of Garibay's employment and confirmed his social security number. He
then contacted San Antonio Public Utilities but was unable to obtain any business or residential
account information. After reviewing a credit report dated April 6 and finding no helpful
information, Sherer again requested information from the Texas Employment Commission. In
August, he contacted San Antonio Public Utilities in search of a current address for Garibay. Sherer
was never able to locate Garibay. After August, Sherer was in and out of the office for the next five
months due to an illness. 

 On December 20, 1996, the file was assigned to Stubblefield. That day, Stubblefield
requested a full credit bureau search, which provides past addresses, current addresses, past
employers, and possible current lines of credit that might have address information. On January 30,
the search provided Stubblefield with an address; Stubblefield then called directory assistance to
determine the name of the person who owned the residence at that address. Stubblefield was given
a phone number that was either disconnected or changed to an unlisted number. The credit bureau
also listed a spouse by the name of Alice, but on February 13, when Stubblefield called directory
assistance to get a number for Alice, he was informed that she had an unlisted phone number. 
Stubblefield then requested information on Alice Garibay from San Antonio Public Utilities, but
found none. On February 19, Stubblefield consulted Cole's Directory, which provides information
about property owners. The Directory led Stubblefield to an address for Garibay, but when
Stubblefield tried calling the number listed for that address, he found the number had been
disconnected. He then requested owner information for the property at that address, and on March
3, he discovered that the Riviera Apartments were located at the address and John Gilbert was the
landlord of the property. On March 19, after verifying that Garibay resided at the Riviera
Apartments, Stubblefield requested that the citation be reissued, and on April 8, it was served on
Garibay. Stubblefield testified that he took over the file in December 1996 and searched for Garibay
for three months until he ultimately found him.

 In an attempt to rebut this evidence, Garibay asked Stubblefield whether he had
attempted to locate Garibay through the San Antonio Police Department or by contacting Garibay's
attorney, who had been representing him on a bankruptcy matter in federal court. Stubblefield
admitted that he had not. Garibay also pointed out that no activity took place between December
1995, when the citation was returned unserved, and March 8, the date that Guerrera was first
assigned to Garibay's case. Another period of inactivity took place between August and December
1996. On appeal, Garibay argues that these seven months of inactivity reflect a lack of due diligence
as a matter of law. We disagree.

 Considering only the evidence favorable to the trial court's findings and disregarding
all evidence to the contrary, as we must, we hold that the taxing authorities produced more than a
scintilla of evidence demonstrating that they exercised due diligence in effecting service on Garibay. 
Similarly, viewing all the evidence presented, including any contrary evidence, we cannot say that
the taxing authorities' evidence was so weak as to render the trial court's finding of due diligence
clearly wrong and manifestly unjust. We therefore overrule Garibay's second issue.


CONCLUSION

 Having overruled both of Garibay's issues, we affirm the trial court's judgment.



 

 Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: August 30, 2002

Do Not Publish

1. Garibay failed to timely respond to the taxing authorities' request for admissions, and
consequently, the requests were deemed admitted. See Tex. R. Civ. P. 198.2(c).
2. The taxing authorities asserted that their claims were governed by section 111.201 of the
tax code, which provides that no tax may be assessed after four years from the date that the tax
becomes due and payable, and that they had filed their suit well within this four-year period of
limitations. See Tex. Tax Code Ann. § 111.201 (West 2001).
3. Throughout their brief, the taxing authorities refer to Guerrera as Guerra, but the reporter's
record uses the name Guerrera. We use the name reflected in the reporter's record.