# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO.03-01-00500-CV

### Roger Garibay, Sr., Appellant

### v.

### The State of Texas; the City of San Antonio, Texas; and the Transit Authority of San Antonio, Texas, Appellees

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. 95-14015, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING

The State of Texas, the City of San Antonio, and the Transit Authority of San Antonio (collectively, Athe taxing authorities@) filed suit against appellant Roger Garibay, Sr. for unpaid state and local sales and use taxes. In response, Garibay asserted that the taxing authorities= claims were barred by the statute of limitations. Both parties moved for summary judgment; the trial court granted the taxing authorities= motion in part, denied Garibay=s, and reserved the issue of whether the taxing authorities used due diligence in their attempts to serve Garibay for a trial on the merits. Following a trial to the court, the court found that the taxing authorities had exercised due diligence and rendered judgment in their favor. By two issues, Garibay appeals. We will affirm.

## BACKGROUND

On November 8, 1995, the taxing authorities filed suit against Garibay Investments, Inc., f/d/b/a American Tire & Service Center, seeking to recover unpaid state and local sales and use taxes for

the months of September through December 1992 and April through May 1993. The taxing authorities also sued Roger Garibay for conversion and breach of fiduciary duty, alleging that Garibay, as an officer or director of Garibay Investments, commingled collected tax money with business funds and authorized payment of the tax money to entities other than the taxing authorities. *See* Tex. Tax Code Ann. ' 111.016 (West 2001). On December 8, 1995, the citation issued to Garibay and Garibay Investments was returned unserved to the Office of the Attorney General, who was representing the taxing authorities, with a notation that Garibay did not reside at either of the two addresses provided.

Investigators with the Office of the Attorney General eventually located Garibay, and on March 24, 1997, citation was reissued. Garibay and Garibay Investments were finally served on April 8, 1997. Both answered with a general denial and asserted the affirmative defenses of limitations, discharge in bankruptcy, laches, and estoppel. The taxing authorities moved for partial summary judgment against Garibay Investments, and on June 12, the trial court granted the motion; the causes of action against Garibay, individually, were continued.

Subsequently, both the taxing authorities and Garibay filed competing summary judgment motions. The taxing authorities asserted in their motion that they had conclusively established Garibay=s liability, based in part on his deemed admissions,[1] and that their claims were not barred by the statute of limitations.[2] Attached to their motion were certificates from the comptroller showing the amount of taxes

---

[1] Garibay failed to timely respond to the taxing authorities= request for admissions, and consequently, the requests were deemed admitted. *See* Tex. R. Civ. P. 198.2(c).

[2] The taxing authorities asserted that their claims were governed by section 111.201 of the tax code, which provides that no tax may be assessed after four years from the date that the tax becomes due and payable, and that they had filed their suit well within this four-year period of limitations. *See* Tex. Tax

owed, the unanswered request for admissions, and an affidavit by an investigator with the Office of the Attorney General detailing the steps taken to locate and serve Garibay.

Garibay asserted in his motion that the disputed taxes became due and payable at the earliest on December 31, 1992, and the taxing authorities= causes of action arose as early as January 1993. According to Garibay, the taxing authorities were barred from collecting taxes after the expiration of three years from the date the taxes were due, *see* Tex. Tax Code Ann. ' 111.202 (West 2001), and the conversion and breach of fiduciary duty claims were barred by a two-year statute of limitations. He further asserted that even if the taxing authorities had filed suit within the applicable period of limitations, as a matter of law, their failure to effect service until over seventeen months after suit was filed and over four years from the date the causes of action arose did not constitute such diligence as would toll the running of the statute of limitations, and their causes of action should therefore be barred by the statute of limitations.

On September 11, the trial court granted the taxing authorities= summary judgment motion on the issue of liability and denied Garibay=s, thus rejecting Garibay=s contention that the taxing authorities= claims were barred by the applicable statute of limitations. However, the court reserved the issue of whether the taxing authorities had used due diligence in effecting service on Garibay for a trial on the merits. Following a trial to the court, the court found that the taxing authorities exercised due diligence in securing service of citation and rendered a final judgment in their favor. The final judgment incorporated the two partial summary judgments and found Garibay and Garibay Investments jointly and severally liable to the

Code Ann. ' 111.201 (West 2001).

**3**

State of Texas in the amount of $18,512.42 for sales taxes, penalties, and interest; the City of San Antonio in the amount of $3,172.43 for city sales taxes, penalties, and interest; and the San Antonio Transit Authority in the amount of $3,172.43 for transit authority sales taxes, penalties, and interest; plus court costs and attorney=s fees.  Garibay requested findings of fact and conclusions of law regarding the issue of due diligence, which the trial court filed.  Garibay now appeals asserting that the trial court erred in failing to find that the taxing authorities=conversion and breach of fiduciary duty claims were barred by a two-year statute of limitations, and alternatively, in finding that the taxing authorities had exercised due diligence in securing service of citation on Garibay.

## DISCUSSION

A party moving for a traditional summary judgment bears the burden of showing there is no genuine issue of material fact and the party is entitled to judgment as a matter of law.  *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985).  In determining whether a disputed material fact issue precluding summary judgment exists, a reviewing court must take as true all evidence favorable to the non-movant.  *Id.* at 548-49.  The reviewing court must indulge every reasonable inference in favor of the non-movant and resolve any doubts in its favor.  *Id.* at 549.

A plaintiff seeking summary judgment must conclusively prove all essential elements of its claim.  *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).  A defendant who moves for a traditional summary judgment assumes the burden of showing as a matter of law that the plaintiff has no cause of action against the defendant.  *Citizens First Nat=l Bank v. Cinco Exploration Co.*, 540 S.W.2d 292, 294 (Tex. 1976).  Traditional summary judgment for a defendant is proper only when the defendant negates at least

**4**

one element of each of the plaintiff=s theories of recovery, or pleads and conclusively establishes each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). A defendant who moves for summary judgment based on limitations must establish the defense as a matter of law and must conclusively negate the plaintiff=s assertion of diligence in seeking service of citation, if raised. *Diaz v. Westphal*, 941 S.W.2d 96, 98-98 (Tex. 1997); *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975). If the trial court does not specify the ground on which it granted summary judgment, we must affirm the judgment if any of the movant=s theories with respect to the claim are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

When the parties file competing motions for summary judgment and one is granted and the other denied, the reviewing court should consider the propriety of the denial as well as the grant, review the summary-judgment evidence presented by both sides, and determine all questions presented. *Commissioners Court v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997); *Devoe v. Great Am. Ins.*, 50 S.W.3d 567, 570 (Tex. App.CAustin 2001, no pet.). If the issue raised is based on undisputed and unambiguous facts, we may determine the question presented as a matter of law. *Devoe*, 50 S.W.3d at 570. We may then either affirm the judgment or reverse and render the judgment the trial court should have rendered, including one that denies both motions. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex. 1988); *Devoe*, 50 S.W.3d at 570. However, if resolution of the issues rests on disputed facts, summary judgment is inappropriate, and we should reverse and remand for further proceedings. *Coker v. Coker*, 650 S.W.2d 391, 394-95 (Tex.1983); *Devoe*, 50 S.W.3d at 570.

Garibay argues by his first issue that because the taxing authorities pursued the tort actions of conversion and breach of a fiduciary duty, section 16.003 of the civil practice and remedies code provides the applicable statute of limitations for each tort. *But see* Tex. Civ. Prac. & Rem. Code Ann. ' 16.004(a)(5) (West Supp. 2002) (applying four year statute of limitations to breach of fiduciary duty suits). According to Garibay, section 16.003 mandates that the taxing authorities must have filed suit no later than two years after the date their causes of action arose. *Id.* ' 16.003 (West Supp. 2002). *But see id.* ' 16.004(a)(5). Garibay, however, fails to consider section 16.061 of the code, which provides that section 16.003 does not apply to causes of action brought by the State or political subdivisions of the State: AA right of action of this state or a political subdivision of the state, including a county, an incorporated city or town, a navigation district, a municipal utility district, a port authority . . . is not barred by any of the following sections: 16.001-16.004 . . . .@ *Id.* ' 16.061 (West Supp. 2002). Thus, Garibay failed to establish as a matter of law that the taxing authorities=causes of action were barred by the two-year statute of limitations. Further, the tax code includes both a three-year and a four-year statute of limitations. *See* Tex. Tax Code '' 111.201, .202 (West 2001). Although section 111.016 of the code would seem to make Garibay liable for conduct normally regarded as a tort, we conclude that the statute of limitations provided within the tax code controls the claims over a general tort statute of limitations. We hold the trial court did not err in denying Garibay=s summary judgment motion and overrule Garibay=s first issue.

By his second issue, Garibay argues that even if the taxing authorities timely filed their causes of action, the trial court erred in concluding that they exercised due diligence in securing service on Garibay. Garibay does not attack specific findings of fact or conclusions of law. We therefore construe

Garibay=s second issue as a general challenge to the legal and factual sufficiency of the evidence to support the trial court=s finding of due diligence.

Findings of fact in a case tried to the court have the same force and effect as a jury verdict. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). Accordingly, findings of fact are reviewable for factual and legal sufficiency according to the same standards as jury findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *Starcrest Trust v. Berry*, 926 S.W.2d 343, 352 (Tex. App.CAustin 1996, no writ). A court=s conclusions of law, on the other hand, are accorded de novo review. *Asai v. Vanco Insulation Abatement, Inc.*, 932 S.W.2d 118, 121 (Tex. App.CEl Paso 1996, no writ).

In considering a legal sufficiency point, we consider only the evidence or inferences from the evidence favorable to the decision of the trier of fact and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). If, as here, the appellant did not have the burden of proof on the challenged finding, the appellant must show that no evidence supports the adverse finding; the challenge fails if more than a scintilla of evidence supports the finding. *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995); *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex. 1987). The evidence supporting a finding amounts to more than a scintilla if reasonable and fair-minded people could differ in their conclusions. *Crye*, 907 S.W.2d at 499.

When reviewing a factual sufficiency challenge, we must assess all the evidence and may not substitute our judgment for that of the trier of fact. When the challenge is to a finding on which the prevailing party had the burden of proof, we may reverse the judgment only if the challenged finding shocks the

conscience or clearly shows bias, or if the favorable evidence is so weak as to make the judgment clearly wrong and manifestly unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

The taxing authorities filed suit against Garibay and Garibay Investments on November 8, 1995. Garibay was not served with citation until April 8, 1997, seventeen months after suit was filed. A plaintiff must not only file suit within the applicable limitations period but must also use diligence to secure service of citation on the defendant. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (citing *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970)). When a plaintiff files a petition within the limitations period, but does not serve the defendant until after limitations has expired, the date of service relates back to the date of filing if the plaintiff has exercised due diligence in effecting service. *Id.* (citing *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex. 1975)). The duty to use due diligence in serving the defendant continues from the date suit is filed until service is completed. *Eichel v. Ullah*, 831 S.W.2d 42, 44 (Tex. App.CEl Paso 1992, no writ). Generally, the exercise of due diligence is a question of fact to be determined by the trial court or jury. *Id.* at 43. The issue of diligence can be determined as a matter of law, however, if no valid excuse exists for a plaintiff=s failure to effect service. *Gant*, 786 S.W.2d at 260. The two controlling factors that determine whether due diligence was exercised are: (1) whether the plaintiff acted as an ordinary prudent person would act under the same circumstances; and (2) whether the plaintiff acted diligently up until the time the defendant was actually served. *Hodge v. Smith*, 856 S.W.2d 212, 215 (Tex. App.CHouston [1st Dist.] 1993, writ denied).

In support of their due-diligence contention, the taxing authorities presented two witnesses at trial, one of which was Robert Stubblefield, Jr., an investigator with the Office of the Attorney General. Stubblefield had also prepared a sworn affidavit in support of the taxing authorities= motion for summary judgment, detailing the efforts taken to locate Garibay; the trial court admitted this affidavit into evidence during the trial. Stubblefield testified that he took over Garibay=s file in December 1996; Garibay=s file was first assigned to Louis Guerrera,[3] a former investigator with the Office of the Attorney General, on March 8, 1996. According to Stubblefield=s testimony and affidavit, Guerrera requested a trace search from the credit bureau on April 2. After the credit bureau search provided no new address, Guerrera sent a request to the postmaster on April 24 for addressee information on two addresses. He also requested information from the Texas Employment Commission and called directory assistance, but discovered that Garibay had an unpublished number. In addition, Guerrera conducted a computer search on AHillcrest Tire@ to see if it was related to Garibay=s business. He called Hillcrest Tire and left a message for the registered agent of the business, but his call was not returned. Guerrera=s postmaster request resulted in a new home address and phone number, and on June 13, he twice attempted to call the phone number provided by the postmaster, but no one answered. On June 14, Guerrera faxed a request to San Antonio Public Utilities for a serviceable address for Garibay. None of Guerrera=s search requests proved fruitful.

---

[3] Throughout their brief, the taxing authorities refer to Guerrera as Guerra, but the reporter=s record uses the name Guerrera. We use the name reflected in the reporter=s record.

On July 12, after Guerrera left the Office of the Attorney General, the file was reassigned to Robert Sherer, another investigator with the Office. Sherer testified during the trial, and his attempts to locate Garibay were also recorded in Stubblefield=s affidavit. On July 12, the day he was assigned to Garibay=s case, Sherer called directory assistance and discovered that Garibay was in the area, but his phone number was unpublished. He also contacted the Texas Employment Commission for any record of Garibay=s employment and confirmed his social security number. He then contacted San Antonio Public Utilities but was unable to obtain any business or residential account information. After reviewing a credit report dated April 6 and finding no helpful information, Sherer again requested information from the Texas Employment Commission. In August, he contacted San Antonio Public Utilities in search of a current address for Garibay. Sherer was never able to locate Garibay. After August, Sherer was in and out of the office for the next five months due to an illness.

On December 20, 1996, the file was assigned to Stubblefield. That day, Stubblefield requested a full credit bureau search, which provides past addresses, current addresses, past employers, and possible current lines of credit that might have address information. On January 30, the search provided Stubblefield with an address; Stubblefield then called directory assistance to determine the name of the person who owned the residence at that address. Stubblefield was given a phone number that was either disconnected or changed to an unlisted number. The credit bureau also listed a spouse by the name of Alice, but on February 13, when Stubblefield called directory assistance to get a number for Alice, he was informed that she had an unlisted phone number. Stubblefield then requested information on Alice Garibay from San Antonio Public Utilities, but found none. On February 19, Stubblefield consulted Cole=s

**10**

Directory, which provides information about property owners. The Directory led Stubblefield to an address for Garibay, but when Stubblefield tried calling the number listed for that address, he found the number had been disconnected. He then requested owner information for the property at that address, and on March 3, he discovered that the Riviera Apartments were located at the address and John Gilbert was the landlord of the property. On March 19, after verifying that Garibay resided at the Riviera Apartments, Stubblefield requested that the citation be reissued, and on April 8, it was served on Garibay. Stubblefield testified that he took over the file in December 1996 and searched for Garibay for three months until he ultimately found him.

In an attempt to rebut this evidence, Garibay asked Stubblefield whether he had attempted to locate Garibay through the San Antonio Police Department or by contacting Garibay=s attorney, who had been representing him on a bankruptcy matter in federal court. Stubblefield admitted that he had not. Garibay also pointed out that no activity took place between December 1995, when the citation was returned unserved, and March 8, the date that Guerrera was first assigned to Garibay=s case. Another period of inactivity took place between August and December 1996. On appeal, Garibay argues that these seven months of inactivity reflect a lack of due diligence as a matter of law. We disagree.

Considering only the evidence favorable to the trial court=s findings and disregarding all evidence to the contrary, as we must, we hold that the taxing authorities produced more than a scintilla of evidence demonstrating that they exercised due diligence in effecting service on Garibay. Similarly, viewing all the evidence presented, including any contrary evidence, we cannot say that the taxing authorities=

**11**

evidence was so weak as to render the trial court=s finding of due diligence clearly wrong and manifestly unjust. We therefore overrule Garibay=s second issue.

## CONCLUSION

Having overruled both of Garibay=s issues, we affirm the trial court=s judgment.

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: August 30, 2002

Do Not Publish

**12**